FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACEY JOE B.,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | NO:  2:22-CV-139-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Stacey Joe B.¹, ECF No. 11, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 14.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act").  *See* ECF No. 11 at 2.

---

¹ In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and middle and last initials.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 1

Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed.[2] For the reasons set forth below, the Court denies judgment for Plaintiff and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

***General Context***

Plaintiff applied for DIB on approximately August 24, 2016, alleging an onset date of July 6, 2011. *See* Administrative Record ("AR")[3] 143, 161, 295.[4] Plaintiff's date last insured was June 30, 2017. AR 17. Plaintiff was 37 years old on the alleged disability onset date and asserted that he was unable to work due to "bad shoulders," "bad back," and arthritis. AR 339, 343. Plaintiff alleged that he stopped working on July 6, 2011, because of his conditions. AR 339. Plaintiff's application

---

[2] The Court notes that Plaintiff did not file any reply. Failure to comply with the filing deadlines set by Local Civil Rule 7 "may be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR7(e); *see also* Fed. R. Civ. P. 56(e) ("If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.").

[3] The Administrative Record is filed at ECF No. 8.

[4] Plaintiff indicates that he filed his DIB application on October 3, 2017. ECF No. 11 at 2 (citing AR 142). However, the cited document indicates that Plaintiff filed his application on August 24, 2016. AR 143, 161.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 2

was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 173–74.

On August 28, 2018, Administrative Law Judge ("ALJ") Stephanie Martz held a video hearing, and subsequently issued an unfavorable decision, on October 1, 2018. AR 139–58, 141. Plaintiff sought review by the Appeals Council, and the Appeals Council remanded the claim to an ALJ to re-adjudicate the claim for a time period up until an updated date last insured. AR 159–63. ALJ Stewart Stallings held a supplemental telephone hearing on September 21, 2020. AR 63. Plaintiff appeared, represented by attorney Jeffrey Schwab, and testified in response to questions from the ALJ and counsel. *See* AR 63–112. The ALJ further heard from vocational expert ("VE") Thomas Weiford, Plaintiff's wife, and medical expert Haddon Alexander, MD. AR 63–112. ALJ Stallings issued an unfavorable decision on April 21, 2021. AR 17–30. After the Appeals Council denied a request by Plaintiff for review, Plaintiff filed a Complaint seeking review by this Court on June 9, 2022. ECF No. 1.

***ALJ's Decision***

Applying the five-step evaluation process, ALJ Stallings found:

**Step one:** Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2017. AR 20. Plaintiff did not engage in substantial

gainful activity since his alleged onset date of July 6, 2011, through his date last insured, June 30, 2017.  AR 20 (citing 20 C.F.R. § 404.1571 *et seq*).

**Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities: left shoulder degenerative joint disease; status post left shoulder arthroscopic debridement, decompression, and rotator cuff repair; status post right shoulder rotator cuff tear and repair; chronic pain syndrome; mild lumbar foraminal narrowing; and psoriatic arthritis starting in July 2016, pursuant to 20 C.F.R. §§ 404.1520(c).  AR 20.  The ALJ further found that Plaintiff's medical record "includes reports of other physical symptoms and conditions from the relevant period that were no more than transient and did not last for a continuous period of twelve months, or did not cause significant limitations in functioning."  AR 20.  The ALJ also determined that Plaintiff did not have any medically determinable mental impairments during the relevant period.  AR 20.

**Step three:** The ALJ concluded that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 21 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).  The ALJ memorialized that Plaintiff's physical impairments did not meet, or medically equal, listings 1.15 for disorders of the skeletal spine resulting in

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 4

compromise of a nerve root, 1.18 for joint dysfunction, or 14.09 for inflammatory arthritis. AR 21.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff, through the date last insured, had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with certain exceptions. AR 19. The ALJ restricted Plaintiff's RFC as follows:

> he can lift and/or carry twenty pounds occasionally and ten pounds frequently using both hands, he should not lift more than ten pounds with his left non-dominant arm, and can occasionally push/pull within these exertional limitations with his left arm. He can sit about six hours and stand and/or walk about six hours in an eight-hour day with regular breaks, frequently climb ramps and stairs, but never climb ladders, ropes or scaffolds, unlimited ability to balance, can frequently stoop, kneel, and crouch, and can occasionally crawl. The claimant can occasionally reach overhead with both arms, and should not lift more than ten pounds overhead at any time, can frequently finger and handle, and must avoid concentrated exposure to vibration and hazards.

AR 21 (as written in original).

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 22–23.

**Step four:** The ALJ found that Plaintiff was unable to perform any past relevant work through the date last insured. AR 28 (citing 20 C.F.R. § 404.1565).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 5

**Step five:** The ALJ found that Plaintiff has at least a high school education; was 43 years old, which is defined as a younger individual (age 18-49), on the date last insured; and that transferability of job skills is not material to the determination of disability because Plaintiff is "not disabled" under the Medical-Vocational Rules, whether Plaintiff has transferable job skills. AR 28 (citing 20 C.F.R. §§ 404.1569 and 404.1569(a)). The ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy. AR 28–29. Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff could perform with the RFC: Cashier II (light, unskilled, with around 800,000 jobs nationally); Cleaner, Housekeeping (light, unskilled work, with around 140,000 jobs nationally); and Sales Attendant (light, unskilled work with around 200,000 jobs nationally). AR 29. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act at any time from the alleged onset date of January 6, 2011, through the date last insured, June 30, 2017. AR 29.

## LEGAL STANDARD

***Standard of Review***

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on

1 legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 7

nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. Step one determines if they are engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past. If the claimant can perform their previous work, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their residual functional capacity and age, education, and past

1 work experience.  20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ISSUES ON APPEAL**

The parties' briefs raise the following issues regarding the ALJ's decision:

1. Did the ALJ erroneously reject Plaintiff's subjective complaints?
2. Did the ALJ fail to conduct an adequate analysis of Plaintiff's RFC at step four?
3. Did the ALJ err at step five by failing to conduct an adequate analysis?

***Plaintiff's Subjective Complaints***

Plaintiff argues that Plaintiff's wife testified extensively about Plaintiff's deteriorated health since 2011 and contrasted his pre-2011 abilities with his contemporary capacity for work and other activities.  ECF No. 11 at 16–17 (citing

AR 96–100). Plaintiff submits that his wife's testimony was consistent with his own and with the medical record. *Id.* at 17–18 (citing Plaintiff's testimony at AR 102–03). Plaintiff further asserts that "there is nothing in the medical record from any medical doctor suggesting that [Plaintiff] is malingering." *Id.* at 17–18 (no citation).

The Commissioner responds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's testimony. ECF No. 14 at 2–3. The Commissioner argues that the Ninth Circuit recognizes that evidence of exaggeration can be considered in weighing a claimant's statements and that the ALJ cited substantial evidence in Plaintiff's record supporting exaggeration. *Id.* at 3 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); AR 23, 955, 1007, 1030). The Commissioner continues that the ALJ also relied on substantial evidence in discounting Plaintiff's statements based on his activities. *Id.* at 4. The Commissioner contends that Plaintiff's enrollment in a college fitness course for several quarters during the relevant period undermined his report that he had very significant physical limitations. *Id.* (citing AR 119). The Commissioner submits that the ALJ could discount Plaintiff's allegations, based on substantial evidence, even though Plaintiff's allegations may have been consistent with reports from Plaintiff's spouse. *Id.* at 5 (citing *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 11

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear[,] and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

There is no allegation of malingering in this case. Plaintiff testified at the supplemental hearing that he is incapacitated by pain from his shoulder issues or psoriatic arthritis, some combination of the two, or from the medication he takes to ease the pain, "about three-quarters of the month," with only two or three good days per month. AR 102–04. ALJ Stallings found that Plaintiff's allegation that he is completely unable to work was undermined by: (1) physical examination findings suggesting that Plaintiff was exaggerating his pain response; (2) a lack of observation by medical providers of Plaintiff in acute distress or discomfort; (3) Plaintiff's activities; and (4) Plaintiff's minimal treatment. AR 23–26.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 12

The ALJ's reasoning that Plaintiff's subjective symptom testimony is undermined by physical examinations indicating a possibly exaggerated pain response is supported by the evidence cited by the ALJ. *See* AR 23. Specifically, Plaintiff's treatment record from July 2014 recorded that the "[e]xam reveals severe pain during exam with self-limiting behavior and symptom amplification." AR 955. An examination in September 2014 by a different physician similarly noted, regarding Plaintiff's shoulder examination, that Plaintiff's "[r]ange of motion shows a slightly exaggerated pain response . . . ." and that the physician could not "explain the high level of pain [Plaintiff] is experiencing in his spine" based on the lumbar x-ray and MRI results. AR 1007.

Likewise, the ALJ cited substantial evidence in discounting Plaintiff's complaints based on presenting in no acute distress at appointments during the relevant period. For instance, as the ALJ noted, Plaintiff did not appear in acute distress at an appointment the same month as his alleged onset, with the provider noting that Plaintiff presented as a "[h]ealthy male no acute distress has a difficult time removing his T-shirt does not want to flex or abduct either shoulder. His gait is normal." AR 540 (as written in original). Other treatment records throughout the relevant period also record that Plaintiff presented in no distress, even while seeking treatment for physical discomfort. *See, e.g.,* AR 915 (September 2013); 934

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 13

(January 2014); 1007 (September 2014); 1096 (December 2014); 1123 (February 2015); 1138 (May 2015); 1162 (July 2016); 1192 (September 2016).

Finding that the ALJ provided at least two specific, clear, and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony, the Court need not analyze the ALJ's further reasoning. With respect to Plaintiff's contention that the consistency between Plaintiff and his wife's testimony supports that the ALJ erred, the Court will not usurp the ALJ's role of weighing the evidence. *See Tackett v. Apfel*, 180 F.3d 1094, (9th Cir. 1999) (holding that the court may not substitute its judgment for that of the ALJ where the evidence can support more than one outcome) (internal quotation omitted).

The Court finds no reversible error regarding the ALJ's evaluation of Plaintiff's subjective symptom statements, grants judgment to the Commissioner on this issue, and denies judgment to Plaintiff on the same.

**Step Four**

Plaintiff argues that the ALJ erred in giving great weight to medical expert Dr. Alexander's testimony when Dr. Alexander allegedly demonstrated an incomplete and/or inaccurate understanding of the record. ECF No. 11 at 7. Plaintiff argues that Dr. Alexander incorrectly claimed that Plaintiff's treating rheumatologist, Dr. Byrd, found that Plaintiff's arthritis was in remission. *Id.* at 8 (citing AR 76–77). However, Plaintiff argues, Dr. Byrd did not find that Plaintiff was in remission. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 14

(no cite to the record). Plaintiff also argues that Dr. Alexander overlooked evidence in the record when he testified that he had found "no other information in the file regarding synovitis after October of '17." *Id.* at 8 (citing AR 77). Plaintiff further maintains that the ALJ should have heeded the medical source opinions that Plaintiff should be limited to sedentary work. *Id.* at 10–12.

The Commissioner responds that the ALJ's formulation of Plaintiff's RFC was supported by substantial evidence. ECF No. 14 at 5–6. The Commissioner argues that the RFC is consistent with the opinions of Drs. Alexander, Bauer, Robbins, Staley, and Hurly, and Plaintiff's allegations of error amount to a request to reweigh the evidence in Plaintiff's favor. *Id.* at 7.

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e). However, the ALJ retains "the duty to make the requisite factual findings to support his conclusions." *Pinto*, 249 F.3d at 844.

The ALJ found that Plaintiff can perform light work with numerous limitations, as set forth above. *See* AR 21. Plaintiff does not dispute that the formulation of the RFC is consistent with some of the medical source opinions, and Plaintiff does not allege error with respect to the ALJ's evaluation of the medical

source opinions. *See* ECF No. 11. Rather, Plaintiff challenges how the ALJ resolved a conflict among the medical source opinions. *See id.* at 7–15.

The ALJ is charged with resolving a conflict in the medical evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). Moreover, "[t]he ALJ's RFC determination need not precisely reflect any particular medical provider's assessment." *Althoff-Gromer v. Comm'r of Soc. Sec.*, No. 2:18-cv-00082-KJN, 2019 U.S. Dist. LEXIS 48387, at *34 (E.D. Cal. Mar. 22, 2019) (citing *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010)). The ALJ provided a thorough review and evaluation of the record in formulating the RFC, and the Court finds no error at this step. *See* AR 21–28. Therefore, the Court directs entry of judgment for the Commissioner regarding this assignment of error.

**Step Five**

Plaintiff contends that the ALJ erred at step five because the VE testified in response to questions from Plaintiff's counsel that productivity falling below fifteen percent is not tolerated in the category of persons who are seeking the unskilled jobs that met the ALJ's hypotheticals. ECF No. 11 at 19. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrock*, 240 F.3d

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 16

at 1164.  The ALJ may accept or reject these restrictions if they are supported by substantial evidence, even when there is conflicting medical evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

      Plaintiff's argument assumes that the ALJ erred in his treatment of Plaintiff's subjective symptom testimony and in formulating the RFC.  As discussed above, the ALJ's assessment of this evidence was not erroneous.  Therefore, the RFC and hypothetical contained the limitations that the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony that the VE gave in response to the hypothetical was proper.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005).  The Court grants judgment to the Commissioner on this final ground.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

    1.   Plaintiff's Brief, **ECF No. 11**, is **DENIED**.

    2.   Defendant the Commissioner's Brief, **ECF No. 14**, is **GRANTED**.

    4.   Judgment shall be entered for Defendant the Commissioner.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 17

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** May 22, 2023.

                                *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                Senior United States District Judge